**WO**                                                                                    JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Narinder Singh, | No. CV 06-2194-PHX-MHM (GEE) |
| Petitioner, | **ORDER** |
| vs. | |
| Phillip Crawford, | |
| Respondent. | |

Petitioner Narinder Singh (A93-186-463) has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Motion for Preliminary Injunction and Temporary Restraining Order. The Court stayed the action to permit Petitioner to either pay the filing fee or file an application to proceed *in forma pauperis*. Petitioner subsequently paid the filing fee and filed an Application to Proceed *In Forma Pauperis*. Because the filing fee has been paid, the Court will deny Petitioner's Application to Proceed *In Forma Pauperis* as moot. The Court will also dismiss the Petition with leave to amend and deny Petitioner's Motion for Preliminary Injunction and  Temporary Restraining Order.

**I. Background**

Petitioner is a native and citizen of India. On February 24, 2005, an immigration judge entered an order for Petitioner's removal from the United States. On June 30, 2005, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. Petitioner's direct appeal from the decision of the BIA is currently pending before the United States Court of

1  Appeals for the Ninth Circuit.  See Singh v. Gonzales, No. 05-74204 (9th Cir. pet. for review

2  filed Jul. 18, 2005).  On December 12, 2005, the Ninth Circuit granted Petitioner's request

3  for a stay of removal.

4      Petitioner has been detained in the Eloy Detention Center in Eloy, Arizona, since

5  November of 2004.  In his Petition for Writ of Habeas Corpus, Petitioner challenges his

6  detention and seeks an order requiring Respondents to release him.  Relying on Zadvydas v.

7  Davis, 533 U.S. 678, 701 (2001), Petitioner argues that his detention under 8 U.S.C. §

8  1231(a)(6) for more than six months is not lawful.

9  **II. Discussion**

10     The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act

11  was "not intended to 'preclude habeas review over challenges to detention that are

12  independent of challenges to removal orders.'"  Hernandez v. Gonzales, 424 F.3d 42, 42-43

13  (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah

14  v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping

15  provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not

16  involve final orders of removal.").  Because Petitioner challenges only his detention, and not

17  the merits of his removal order, the Court retains jurisdiction.

18     Petitioner claims that his detention under 8 U.S.C. § 1231(a)(6) for more than six

19  months is not lawful.  But Petitioner is not subject to detention under § 1236(a)(6).

20  Following the entry of an administratively final order of removal, an alien is subject to

21  mandatory detention during a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A), (a)(2).

22  If he cannot be removed within the 90-day removal period, the alien may be granted

23  supervised release or may be further detained, subject to administrative review.  8 U.S.C. §

24  1231(a)(3).  Under § 1231(a)(6), an alien who is removable as an aggravated felon "may be

25  detained beyond the removal period."  8 U.S.C. § 1231(a)(6).  But, when there is no

26  significant likelihood that a foreign government will accept the alien's return in the

27  reasonably foreseeable future, the Government may not detain the alien for more than the

28  presumptively reasonable period of six months.  Zadvydas, 533 U.S. at 701.

**JDDL**                                          - 2 -

However, the rules for detention under § 1231(a) do not apply in Petitioner's case because the 90-day "removal period" has not yet begun. Section 1231(a)(1)(B) provides:

> The removal period begins on the latest of the following:
> (i)  The date the order of removal becomes administratively final.
> (ii)  **If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order**.
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). Although Petitioner is subject to an administratively final order of removal, the "removal period" has not yet begun because his removal order is currently on appeal to the Ninth Circuit and because the Ninth Circuit has granted a stay of his removal. The "removal period" will not begin for Petitioner until "the date of [Ninth Circuit's] final order." 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, Petitioner's current detention is pursuant to the pre-removal order detention statute, 8 U.S.C. § 1226, rather than the post-removal order detention statute, 8 U.S.C. § 1231. Because 8 U.S.C. § 1231 does not apply to Petitioner's case, his claim for relief, that he has been unlawfully detained beyond the 90-day removal period, is meritless. The Court recognizes, however, that Petitioner may have some other basis for challenging the legality of his current detention. Accordingly, the Petition will be dismissed with leave to amend to allow Petitioner to present a cognizable claim for habeas corpus relief.

### III.  Motion for Preliminary Injunction and Temporary Restraining Order

Petitioner seeks an order respondent to immediately release him from custody. Having already determined that Petitioner has no chance of success on the merits of his Petition, however, the Court must deny Petitioner's motion for a preliminary injunction. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (if the applicant shows no chance of success on the merits, a preliminary injunction should not issue).

### IV.  Warnings

#### A.  Address Changes

Petitioner must file and serve a notice of a change of address within ten (10) days of the date his move is effective. LRCIV 83.3(d). Petitioner must not include a request for any other relief in his notice of change of address. Failure to comply may result in dismissal.

**B.  Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files.  FED. R. CIV. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  FED. R. CIV. P. 5(d).  Petitioner also must submit an additional copy of every filing for use by the Court.  LRCIV 5.4.  The Court may strike any filing that fails to comply with these requirements.

**C.  Possible dismissal**

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  That Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #6) is **denied** as moot.

(2)  That Petitioner's Motion for Preliminary Injunction and  Temporary Restraining Order (Doc. #4) is **denied**.

(3)  That the Petition is dismissed with leave to amend.  Petitioner must file an amended petition within 30 days from the date this Order is filed and must explain the status of the immigration proceedings against him.  The amended petition must set forth in summary form each step of the immigration proceedings, the outcome of each proceeding, whether Petitioner appealed the outcome, and the status of his appeals, if any.  The amended petition must be retyped or rewritten in its entirety on a Court-approved form and may not incorporate any part of the original Petition, including exhibits, by reference.  Any amended petition submitted by Petitioner should be clearly designated as an amended petition on the face of the document.

(4)  That the Clerk of Court must provide to Petitioner a current Court-approved form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

///

**JDDL**

1    (5)  That the Clerk of Court must enter a judgment of dismissal of this action without

2   prejudice and without further notice to Petitioner if Petitioner fails to file an amended petition

3   within 30 days of the date this Order is filed.

4    DATED this 16th day of November, 2006.

Mary H. Murgula
United States District Judge

JDDL

_____
Name

_____
Prison Number

_____
Place of Confinement


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


_____, )
Full Name                        )
                                 )
                                 )
                    Petitioner,  )
                                 )   _____
            vs.                  )   Case Number (To be supplied by
                                 )   by the Clerk, U.S. District
_____, )   Court)
(Name of Warden, Superintendent, )
Jailor, or authorized person     )
having custody of petitioner.)   )   PETITION FOR WRIT OF HABEAS
                                 )   CORPUS BY A PERSON IN FEDERAL
                                 )   CUSTODY (28 U.S.C. § 2241)
                                 )   (Do not use this form if you
                                 )   are challenging a state or
                    Respondent.  )   federal judgment or conviction
                                 )   and sentence)
_____  )


_____
**PETITION.2241 (Revised 9/1/91)**

1

**530**

INSTRUCTIONS - READ CAREFULLY

(1)   This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.   Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.  Where more room is needed to answer any question, attach additional pages.

(2)   Additional pages are <u>not</u> permitted except with respect to the <u>facts</u>   which you rely upon to support your grounds for relief.   No citation of authorities need be furnished.   If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)   Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

(4)   If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the Declaration on the last two (2) pages, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the Certificate as to the amount of money and securities on deposit to your credit in any account at the institution.  If your prison account exceeds $25.00 you must pay the filing fee as required by the Rules of the District Court.

(5)   Only one unlawful confinement, time credit loss, or parole matter, etc., may be challenged in a single petition.   If you challenge more than one, you should do so by separate petitions.

(6)   Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition.

(7)   When the petition is fully completed, <u>the original and two (2) copies</u> must be mailed to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

(8)   Petitions that do not conform to these instructions will be returned with a notation as to the deficiency.

2

PETITION

1.   Name  and  location  of  court  that  entered  the  judgment  of
     conviction: _____

2.   Date of judgment of conviction:_____
     Case Number:_____

3.   Length of sentence:_____ Sentencing Judge:_____

4.   Nature  of  offence(s)  of  which  you  were  convicted:_____
     _____
     _____
     _____
     _____

5.   Did you appeal from the judgment of conviction?  Yes( )   No( )

6.   If  you  did  appeal,  give  the  following  information  for  each
     appeal:
     a.   (1)  Name of court_____
          (2)  Result_____
          (3)  Date of result_____
          (4)  Citation or number of opinion_____
          (5)  Grounds raised (list each)
               (a) _____
               (b) _____
               (c) _____
               (d) _____

     b.   (1)  Name of court_____
          (2)  Result_____
          (3)  Date of result_____
          (4)  Citation or number of opinion_____
          (5)  Grounds raised (list each)
               (a) _____
               (b) _____
               (c) _____
               (d) _____

7.   State  concisely  every  ground  on  which  you  claim  that  you  are
     being  held  unlawfully.    Summarize  briefly  the  facts  supporting
     each  ground.    If  necessary,  you  may  attach  pages  stating
     additional grounds and facts supporting same.

CAUTION: In order to proceed in the federal court you must ordinarily
first exhaust your administrative remedies as to each ground on which
you request action by the federal court.  As to all grounds on which
you have previously exhausted administrative remedies, you should set
them forth in this petition if you wish to seek federal relief.  If
you fail to set forth all such grounds in this petition, you may be
barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds that you may have other than those listed if you have exhausted all your administrative remedies with respect to them.   However, <u>you should raise in this petition all available grounds</u>.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds that you choose.  <u>Do not check any of the grounds listed below</u>.  The petition will be returned to you if you merely check (a) through (m), or any one of these grounds:

(a)   Conditions of confinement violate a constitutional right.

(b)   Prison regulations, on their face or as enforced, are violative of the Constitution or other federal law.

(c)   Prison transfer has been threatened, carried out, or denied in violation of federal constitutional or statutory law.

(d)   Confinement is at a place forbidden by statutory law.

(e)   Convicted person's prisoner classification violates federal constitutional or other law.

(f)   Good time credit has been ended or forfeited in violation of federal constitutional or statutory law.

(g)   Credit for time spent in jail prior to sentencing or pending appeal has been denied in violation of federal constitutional or other law.

(h)   Prison officials have refused to release the convicted person, even though he has served his sentence or is entitled to mandatory release.

(i)   Parole was denied, postponed, rescinded, or revoked in violation of federal constitutional or other law.

(j)   A parole violation warrant was issued or executed in violation of federal constitutional or other law.

(k)   There has been an unlawful refusal to terminate parole.

(l)   Convicted person is suffering adverse effects from a federal or state detainer lodged against him in violation of federal constitutional or other law.

(m)   Custody is otherwise subject to collateral attack by reason of the conduct of prison or parole authorities.

A.    Ground One: _____
_____
_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

A-1. Did you exhaust all administrative remedies relating to Ground
     One?     Yes ( )   No ( )

A-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

A-3. If the answer to A-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____

B.    Ground Two: _____
_____
_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

B-1. Did you exhaust all administrative remedies relating to Ground
     Two?      Yes ( )   No ( )

B-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

B-3. If the answer to B-1 is "no," explain why the issue was not
     raised. _____
     _____
     _____
     _____
     _____
     _____

C.   Ground Three: _____
     _____
     _____

Supporting FACTS (tell your story _briefly_ without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

C-1. Did you exhaust all administrative remedies relating to Ground
     Three?  Yes ( )   No ( )

C-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

C-3. If the answer to C-1 is "no," explain why the issue was not
     raised. _____
     _____
     _____
     _____
     _____
     _____

D.   Ground Four: _____
_____
_____

Supporting FACTS (tell your story _briefly_ without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D-1. Did you exhaust all administrative remedies relating to Ground
     Four?  Yes ( )   No ( )

D-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____


D-3. If the answer to D-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____


8.   Have you filed previous petitions for habeas corpus, motions
     under Section 2255 of Title 28, United States Code, or any other
     applications, petitions or motions with respect to this
     conviction?  Yes ( )   No ( )

9.   If your answer to Question No. 10 was yes, give the following
     information:
     (a)  Name of Court_____
     (b)  Nature of proceeding_____
     (c)  Grounds raised_____
          _____
          _____
     (d)  Result_____
     (e)  Date of result_____
     (f)  Citation or number of any written opinions or orders entered
          pursuant to each disposition_____
          _____

10.  If you did not file a motion under Section 2255 of Title 28,
     United States Code, or if you filed such a motion and it was
     denied, state why your remedy by way of such motion is
     inadequate or ineffective to test the legality of your
     detention:

_____
_____
_____
_____
_____
_____
_____
_____
_____

11.  Are you presently represented by counsel?  Yes ( )   No ( )
     If so, name, address, and telephone number:_____
     _____
     _____
     Case name and court_____
     _____

12.  If you are seeking leave to proceed in forma pauperis, have you
     completed the declaration setting forth the required
     information?   Yes ( )   No ( )

         WHEREFORE, petitioner prays that the court grant petitioner
relief to which he may be entitled in this proceeding.

     I declare (or certify, verify, or state) under penalty of perjury
that the foregoing is true and correct.




Executed on _____        _____
                 (date)                       Signature of Petitioner




_____
Signature of Attorney (if any)