**WO**                                            JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Narinder Singh,<br><br>        Petitioner,<br><br>vs.<br><br>Phillip Crawford,<br><br>        Respondent. | No. CV 06-2194-PHX-MHM (GEE)<br><br>**ORDER** |

       On September 14, 2006, Petitioner Narinder Singh (A93-186-463) filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court dismissed the Petition with leave to file an amended petition. Petitioner subsequently filed a First Amended Petition. The Court will direct Respondent to answer the First Amended Petition.

**I. First Amended Petition**

       Petitioner is a native and citizen of India. On February 24, 2005, an immigration judge entered an order for Petitioner's removal from the United States. On June 30, 2005, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. Petitioner's direct appeal from the decision of the BIA is currently pending before the United States Court of Appeals for the Ninth Circuit and the court of appeals has granted Petitioner's request for a stay of removal. See Singh v. Gonzales, No. 05-74204 (9th Cir. order filed Dec. 12, 2005). Petitioner alleges that he has been detained in the Eloy Detention Center in Eloy, Arizona, since November of 2004. In his First Amended Petition for Writ of Habeas Corpus, Petitioner argues that he has been improperly denied any meaningful custody review and that his continued detention under 8 U.S.C. § 1226(c) is unlawful.

**TERMPSREF**

The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). An answer will therefore be required.

**II. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCIV 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C. Possible dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Summons, First Amended Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to

Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court also must send by certified mail a copy of the Summons, First Amended Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2)(A).

(2) Respondent must answer the First Amended Petition within twenty (20) days of the date of service.  Respondent must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3) Petitioner may file a reply within twenty (20) days from the date of service of the answer.

(4) The matter is referred to Magistrate Judge Glenda E. Edmonds pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 12th day of February, 2007.

_____
Mary H. Murguia
United States District Judge