**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Narinder Singh, ) | No. CIV 06-2194-PHX-MHM (GEE) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Philip Crawford, ICE Field Office Director, ) | |
| Respondent. ) | |

Pending before the court is a First Amended Petition for Writ of Habeas Corpus filed by Narinder Singh on December 19, 2006, pursuant to Title 28, United States Code, Section 2241. The petitioner argues his current detention while in removal proceedings is contrary to law. The respondent filed an answer, and the petitioner filed a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the petition. Singh's current detention is not authorized by law.

Summary of the Case

Singh is a native and citizen of India who entered the United States at a date unknown using a false passport. (Respondent's answer, p. 2.)

1  On August 7, 2003, Singh was convicted of spousal battery, in violation of section 242/243(e) of the California Penal Code. *Id.*

On November 10, 2004, the Department of Homeland Security (DHS) issued Singh a Notice to Appear charging him with removability because he was convicted of a crime of moral turpitude (INA § 212(a)(2)(A)(i)(I)) and he was an alien present without inspection (INA § 212(a)(6)(A)(i)). (Respondent's answer, p. 2.)

At a hearing before the Immigration Judge (IJ), Singh admitted he entered the country on a false Swedish passport and admitted to a conviction for petty theft in 1992 and theft of personal property in 1990. *Id.*, p. 2. The IJ ordered him removed to India on February 24, 2005. *Id.* Singh appealed to Board of Immigration Appeals (BIA). *Id.*, p. 3. On June 30, 2006, the BIA dismissed the appeal. *Id.* On July 14, 2005, Singh filed a petition for review with the Ninth Circuit *Id.* The Ninth Circuit ordered a stay of removal. *Id.*

On August 19, 2005, the government notified Singh of his pending 90-day File Custody Review. *Id.* Singh submitted a packet of information supporting his release. *Id.* On October 7, 2005, the government notified Singh of its decision to continue his detention. *Id.* According to the notification, in deciding whether or not to continue detention the government weighs the following factors: "(1) The nature and seriousness of the alien's criminal convictions, (2) Other criminal history, (3) History of failure to appear for court or other required appearances, (4) probation history, (5) Disciplinary problems while incarcerated, (6) Evidence of rehabilitation, (7) Equities in the United States, (8) Prior immigration violations, (9) Whether the alien poses a risk to the community, (10) Whether the alien is likely to comply with the order of removal or supervision, [and] (11) Whether the alien has cooperated with ICE." *Id.*, Exhibit 16.

On September 5, 2006, the government notified Singh of his pending 90-day File Custody Review. (Respondent's answer p. 4.) Singh submitted a packet of information supporting his release. *Id.* On October 18, 2006, the government notified Singh of its decision to continue his detention. *Id.*

On September 14, 2006, Singh filed a petition for writ of habeas corpus in this court. The petition was denied with leave to amend. On December 19, 2006, he filed his First

1  Amended Petition for Writ of Habeas Corpus.  He argues he has been improperly denied any
2  meaningful custody review and his continued detention under 8 U.S.C. § 1226(c) is unlawful.
3  (Petition.)

4       On March 15, 2007, the Ninth Circuit granted the petition for review and remanded the
5  case to the BIA for further proceedings.  (Petitioner's reply, p. 2.)

7       <u>Discussion</u>

8       Singh is currently being detained pursuant to 8 U.S.C. § 1226(c) [INA § 236(c)].  This
9  statute requires the detention of aliens who are removable because they have been convicted of
10  certain specific offenses such as crimes of moral turpitude. *Id.*

11       In ground one, Singh argues he has been denied a meaningful custody review as
12  mandated by statute.  He claims the government maintains an "unconstitutional policy" which
13  has denied him "unbaised meaningful consideration for release."  (Amended petition.)

14       He does not, however, explain specifically what this policy is or how it is biased against
15  him. Accordingly, the court must reject this argument. *See Jones v. Gomez*, 66 F.3d 199, 204
16  (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996)  ("It is well-settled that conclusory
17  allegations which are not supported by a statement of specific facts do not warrant habeas
18  relief.") (internal punctuation omitted).

19       In ground two, Singh argues his continued detention is not authorized by law citing
20  *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005).  He is correct.  The government is holding Singh
21  pursuant to section 1226(c).  This section, however, only authorizes detention during an
22  "expedited" removal period. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *See also*
23  *Demore v. Kim*, 538 U.S. 510, 529 (2003) ("The Executive Office for Immigration Review has
24  calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal
25  proceedings are completed in an average time of 47 days and a median of 30 days.").  It does
26  not authorize extended periods of detention. *Tijani*, 430 F.3d at 1242 (Detention for two years
27  and eight months was not authorized by section 1226(c).).

Singh was taken into custody on November 10, 2004. (Respondents' answer, p. 8.) He has been detained for approximately two years and five months. His continued detention is not authorized by statute. *See Tijani*, 430 F.3d at 1242.

The government argues *Tijani* should be distinguished because in that case, administrative proceedings dragged on for 20 months whereas in this case, the administrative proceedings were completed in only seven months. Moreover, the government in the *Tijani* case asked for two extensions of time to file their appellate brief whereas in this case, the government proceeded without delay. The *Tijani* court, however, did not premise their decision on the length of the administrative proceedings or the failings of the government. The court simply said, "[W]e interpret the authority conferred by § 1226(c) as applying to expedited removal of criminal aliens. Two year and eight months of process is not expeditious; and the foreseeable process in this court, where the government's brief in Tijani's appeal of the removal was only filed last month after two extensions of time, is a year or more." In this case, Singh has had two years and five months of process, and his case is again before the BIA. His process has not been expeditious. Section 1226(c) no longer authorizes his detention.

The government further argues *Tijani* should be distinguished because, unlike the petitioner in that case, Singh was not a "lawfully admitted resident alien." *See Tijani*, 430 F.3d at 1242. The government correctly notes that Singh did not enter the country legally. The Due Process Clause, however, "applies to all 'persons' within the United States including aliens, whether their presence here is lawful, unlawful, temporary or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Singh's illegal entry is a distinction without a difference.

Finally, the government argues Singh's detention is proper because it has been prolonged by his own litigation citing *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2nd Cir. 1991).

In *Doherty*, the Second Circuit held that an eight year detention prior to deportation was justified in part because the petitioner's extended detention was caused by his own litigation. *Doherty*, 943 F.2d at 212. The court noted that "from the outset of his detention, Doherty has possessed, in effect, the key that unlocks his prison cell . . . if Doherty had agreed to deportation in the first place, he would not have been detained at MCC for the past eight years." *Id.*

The Second Circuit's reasoning in *Doherty*, however, is inconsistent with the holding in *Tijani*. *See Tijani*, 430 F.3d at 1242. In the latter case, the Ninth Circuit held a detention of two years and eight months was not permissible under section 1226 even though that detention was extended by the petitioner's attempts to avoid removal. *Id.* This court is obligated to follow *Tijani*.

Recommendation

The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the First Amended Petition for Writ of Habeas Corpus filed on December 19, 2006, "unless the government within 60 days [of the District Court's order] provides a hearing to [Singh] before an Immigration Judge with the power to grant him bail unless the *government* establishes that he is a flight risk or will be a danger to the community." *Tijani*, 430 F.3d at 1242 (emphasis added).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 13th day of April, 2007.

_____
Glenda E. Edmonds
United States Magistrate Judge