**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Narinder Singh, | No. CV 06-2194-PHX-MHM (GEE) |
| Petitioner, | **ORDER** |
| vs. | |
| Philip Crawford, ICE Field Officer Director, | |
| Respondent. | |

On December 19, 2006, Petitioner Narinder Singh ("Petitioner"), a native and citizen of India, filed his First Amended Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241.  This matter was referred to Magistrate Judge Glenda E. Edmonds who issued a Report and Recommendation on April 13, 2007 that recommends that the Court grant the First Amended Petition.  The Respondent Philip Crawford ("Respondent") filed his objection on April 30, 2007 contesting the Magistrate Judge's recommendation.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise.  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc), *cert denied*, 540 U.S. 900.  See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  "Failure to

1  object to a magistrate judge's recommendation waives all objections to the judge's findings

2  of fact."  Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

3  **DISCUSSION**

4  The Magistrate Judge finds that the Petitioner's detention by the government pursuant

5  to 8 U.S.C. § 1226(c) is not authorized by law.  The Magistrate Judge relies primarily on the

6  Ninth Circuit's decision in Tijani v. Willis, 430 F.3d 1241 (2005), which held that § 1226(c)

7  "appl[ied] to expedited removal of criminal aliens." Id. at 1242.  The Ninth Circuit in Tijani

8  went on to hold that the alien's detention for a period of two years and eight months did not

9  comply with § 1226(c), the Immigration and Naturalization Act's ("INA") mandatory

10  detention provision, and noted that it was "constitutionally doubtful" that such detention was

11  in compliance with the alien's due process rights.  Id.  As such, the Ninth Circuit remanded

12  to the district court with instructions to grant the alien's writ of habeas corpus "unless the

13  government within 60 days of th[e] order provides a hearing to Tijani before an Immigration

14  Judge with the power to grant him bail unless the government establishes that he is a flight

15  risk or will be a danger to the community."  Id.

16  As noted by the Magistrate Judge, the instant case is analogous to Tijani.  Like the

17  alien in Tijani, Petitioner has been held for a significant period of time well beyond anything

18  that could be considered to be expedited during the course of removal proceedings; over two

19  years and five months at the time of the Report and Recommendation.[1]  Due to the district

20  court's obligation to follow the binding precedent of the Ninth Circuit, the Magistrate Judge

21  recommends that this Court grant Petitioner's Petition "unless the government within 60 days

22  [of this Court's order] provides a hearing to [Petitioner] before an Immigration Judge with the

23  power to grant him bail unless the *government* establishes that he is a flight risk or will be a

24  danger to the community."  (Report and Recommendation, p.5) (emphasis original).  The

25

26

27  [1]As of the date of this order, Petitioner's detention period approaches two years and nine months.

28  - 2 -

1  Magistrate Judge's language regarding a bail hearing comes directly from the language of
2  Tijani. Id.

3      **A.    Petitioner's Detention**

4          The government objects first to the Magistrate Judge's finding that the Petitioner's
5  detention is not authorized by law.  In addition to standing by its original arguments advanced
6  in its response to the First Amended Petition, the government directs this Court to the
7  Supreme Court's decision in Demore v. Kim, 538 U.S. 510, 531 (2003), where the Court
8  stated that "[d]etention during removal proceedings is a constitutionally permissible part of
9  the process."  However, the instant case is distinguishable from the holding in Kim and in line
10  with the Ninth Circuit's decision in Tijani.    For instance, in Kim, the alien conceded
11  deportability "and hence [was] subject to mandatory detention pursuant to § 1226(c)."  Kim,
12  538 U.S. at 523.  It is in this context that the Supreme Court concluded that the alien's six-
13  month period of detention was deemed constitutional "for the brief period necessary for [his]
14  removal proceedings."  Id. at 512.  In the instant case, unlike Kim, and like Tijani, the
15  Petitioner has not conceded his removal.  Rather, the Petitioner's removal is based only upon
16  whether the "government *may* be able to prove he is subject to removal."  Tijani, 430 F.3d at
17  1241 (Tashima, J., concurring) (emphasis original).  Moreover, the Petitioner in this case has
18  been detained well beyond the six months at issue in Kim and much closer to the period of
19  detention at issue in Tijani.  As such, the Court finds unpersuasive the Respondent's reliance
20  on Kim.  Upon de novo review, the Court finds itself in agreement with the Magistrate Judge
21  that Petitioner's current detention is not authorized by law.

22      **B.    Further Proceedings**

23          Respondent also objects to the Magistrate Judge's recommendation that the Court grant
24  the writ "unless the government within 60 days [of this Court's order] provides a hearing to
25  [Petitioner] before an Immigration Judge with the power to grant him bail unless the
26  *government* establishes that he is a flight risk or will be a danger to the community." (Report
27  and Recommendation, p.5) (emphasis original).  Specifically, based upon the Magistrate

28                                          - 3 -

1   Judge's recommendation of a bond hearing, the government contends that the Magistrate

2   Judge has impermissibly shifted the burden from the Petitioner at such hearings to the

3   government regarding whether the Petitioner poses a flight risk or a danger to the community.

4   The government relies upon 8 C.F.R. § 236.1(c)(3) regarding the apprehension and detention

5   and removability of deportable aliens which provides in pertinent part:

6   > Criminal aliens eligible to be considered for release.  Except as provided in this
>   section, or otherwise provided by law, an alien subject to the TPCR may be
7   > considered for release from custody if lawfully admitted.  Such an alien must
>   first demonstrate, by clear and convincing evidence, that release would not pose
8   > a danger to the safety of other persons or of property.  If an alien meets this
>   burden, the alien must further demonstrate, by clear and convincing evidence,
9   > that the alien is likely to appear for an scheduled proceeding . . . in order to be
>   considered for release in the exercise of discretion.

10  Thus, according to the government, during the course of such bond proceedings

11  involving an alien's release from custody, it is the alien, not the government, that bears the

12  burden of proof regarding the alien's potential risk of flight or danger to the community.

13  However, the government fails to note that § 236.1(c)(3) is not applicable to the Petitioner as

14  it applies to aliens subject to the Transition Period Custody Rules ("TPCR") of the Illegal

15  Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA").  The TPCR's

16  were in effect from October 9, 1996 through October 9, 1998.  Alwaday v. Beebe, 43

17  F.Supp.2d 1130, 1133 n.3 (D.Or. 1999).  Notably, the Petitioner's removal proceedings,

18  commencing with his Notice to Appear, did not begin until November 10, 2004, well after the

19  expiration of the TPCR's.  As such, the Government's reliance on 8 CFR §236.1(c)(3) is not

20  persuasive.  The Court finds the guidance from Tijani, an analogous case to the one at hand,

21  to be clear and controlling with respect to any future bond hearing.  Specifically, in Tijani, the

22  Ninth Circuit expressly stated that it was the government's burden at any bail hearing to

23  establish that the alien was "a flight risk or will be a danger to the community." Id. at 1242.

24  Moreover, this Court would not be the first district court to follow the plain language of Tijani

25  with respect to the applicable burden of proof regarding an alien's flight risk or danger to the

- 4 -

1   community.  See Martinez-Herrera v. Crawford, 2007 WL 2023469 *1 (D.Ariz. June 20,

2   2007).

3        Finally, although the Magistrate Judge recommends granting the Petition conditioned

4   on whether a bond hearing takes place, the Court finds, based upon its findings regarding

5   detention, the better approach is to grant the Petition.  The Court will give the government two

6   choices as to how it proceeds further: (1) the government may release the Petitioner from

7   custody under an order of supervision, or in the alternative (2) within 60 days of the date this

8   order is filed, provide a hearing to Petitioner before an immigration judge with the power to

9   grant him bail unless the government establishes that he is a flight risk or will be a danger to

10  the community.

11       **Accordingly,**

12       **IT IS HEREBY ORDERED** adopting the Report and Recommendation of the

13  Magistrate Judge. (Dkt.#22).

14       **IT IS FURTHER ORDERED** granting Petitioner's Writ of Habeas Corpus filed

15  pursuant to 28 U.S.C. § 2241.  (Dkt.#10).

16       **IT IS FURTHER ORDERED** overruling the Government's objections to the Report

17  and Recommendation.  (Dkt.#23).

18       **IT IS FURTHER ORDERED** that the Clerk enter judgment granting the petition and

19  ordering that Respondent release Petitioner from custody under an order of supervision, or in

20  the alternative, that the government, within 60 days of the date this order is filed, provide a

21  hearing to Petitioner before an immigration judge with the power to grant him bail unless the

22  government establishes that he is a flight risk or will be a danger to the community.

23       DATED this 2nd day of August, 2007.

24

25

26  _____
                    Mary H. Murguia
27              United States District Judge

28