**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Narinder Singh, | No. CIV 06-2194-PHX-MHM (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Philip Crawford, ICE Field Office Director, | |
| Respondent. | |

Pending before the court is the petitioner's Motion for Injunctive and Declaratory Relief filed on April 1, 2009. [doc. # 32] The petitioner moves that this court issue an order instructing the respondent to release him from detention while his current immigration appeal is pending before the Ninth Circuit in accordance with this court's prior order granting his petition for writ of habeas corpus. The respondent filed a response, and the petitioner filed a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, deny the motion. This court's previous order granting Singh's habeas petition and granting him a bond hearing does not apply to his current detention.

//

//

//

## Summary of the Case

Singh is a native and citizen of India who entered the United States at a date unknown using a false passport. (Response, p. 2.)

On August 7, 2003, Singh was convicted of spousal battery, in violation of section 242/243(e) of the California Penal Code. *Id.*

On November 10, 2004, the Department of Homeland Security (DHS) issued Singh a Notice to Appear charging him with removability because he was convicted of a crime of moral turpitude (INA § 212(a)(2)(A)(i)(I)), and he was an alien present without inspection (INA § 212(a)(6)(A)(i)). (Response, p. 3.)

At a hearing before an Immigration Judge (IJ), Singh admitted he entered the country on a false Swedish passport and admitted to convictions for petty theft in 1992 and theft of personal property in 1990. *Id.* The IJ ordered him removed to India. *Id.* Singh appealed to the Board of Immigration Appeals (BIA), but the BIA dismissed the appeal on June 30, 2005. *Id.*, Exhibit 10. On July 14, 2005, Singh filed a petition for review with the Ninth Circuit. (Response, p. 3.) The Ninth Circuit ordered a stay of removal. *Id.*

In September of 2005 and October of 2006, the government conducted a Custody Review. *Id.*, pp. 3-4. Each time, the government decided to continue Singh's detention. *Id.*, p. 4.

On September 14, 2006, Singh filed a petition for writ of habeas corpus in this court. The petition was denied with leave to amend. On December 19, 2006, Singh filed his First Amended Petition for Writ of Habeas Corpus. He argued he was being improperly denied any meaningful custody review and his continued detention under 8 U.S.C. § 1226(c) was unlawful. (Amended petition.)

On March 15, 2007, the Ninth Circuit granted the petition for review and remanded the case to the BIA for further proceedings. (Response, p. 5.)

On August 7, 2007, this court granted Singh's Petition for Writ of Habeas Corpus and ordered the government "to release Petitioner from custody under an order of supervision, or in the alternative, . . . provide a hearing to Petitioner before an immigration judge with the

power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community." [doc. # 25]

On August 13, 2007, the Immigration Judge granted Singh bond in the amount of $10,000. (Response, p. 5.) Singh posted bond and was released on August 15, 2007. *Id.*

On December 21, 2007, the BIA again dismissed Singh's appeal. *Id.* On January 7, 2008, Singh filed his second petition for review with the Ninth Circuit. *Id.* The Ninth Circuit again ordered a stay of removal. *Id.*

On August 13, 2008, the Ninth Circuit denied the petition for review and remanded the case to the BIA for further proceedings. (Response, p. 5.) The Ninth Circuit issued its mandate on October 8, 2008. *Id.*, p. 6.

On December 11, 2008, the government took Singh into custody. *Id.*

Singh filed a motion to reopen and reconsider with the BIA, but the motion was denied on January 5, 2009. *Id.* On January 21, 2009, Singh filed his third petition for review with the Ninth Circuit. *Id.* The Ninth Circuit again ordered a stay of removal. *Id.*

On March 17, 2007, the government notified Singh of its decision to continue his detention. *Id.* On April 9, 2009, an IJ held a custody redetermination hearing. *Id.* He issued an order denying bond for lack of jurisdiction. *Id.*

Previously, on April 1, 2009, Singh filed in this court a Motion for Injunctive and Declaratory Relief. [doc. # 32] He moves that this court issue an order instructing the respondent to release him from detention while his current appeal is pending before the Ninth Circuit.


Discussion

The court construes Singh's motion as though it were a motion to enforce judgment. *See, e. g., Gilbert v. Johnson*, 490 F.2d 827, 829 (5th Cir. 1974); *Zuniga v. Wrigley*, 2007 WL 3340841 (E.D. Cal. 2007). Singh believes this court's prior judgment in his favor mandates his release again. He is incorrect. It is instructive to recall why the court granted Singh's original petition.

- 3 -

1       When Singh filed his habeas petition, he was being held pursuant to 8 U.S.C. § 1226.
2 This statute governs the initial apprehension and detention of aliens to determine whether they
3 should be removed from the United States. Some aliens are eligible for release on bond during
4 this administrative process. For others, detention is mandatory. Section 1226(c) requires the
5 detention of certain classes of aliens, notably those aliens who have been convicted of two prior
6 acts of moral turpitude. *See* 8 U.S.C. § 1226(c)(1)(B), § 1227(a)(2)(A)(ii).

      Section 1226 governs the alien's detention until the second phase of the statutory scheme – the "removal period." This period, which is described in section 1231, governs the final detention and eventual removal of the alien. *See* 8 U.S.C. § 1231.

      The "removal period" ordinarily begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). "If the removal order is judicially reviewed and if a court orders a stay of removal," the removal period begins on "the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii).

      When Singh filed his habeas petition, he was being detained pursuant to section 1226 because his order of removal was not administratively final. This section, however, only authorizes detention during an "expedited" administrative period. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005). It does not authorize extended periods of detention. *Id.* (Detention for two years and eight months was not authorized by section 1226(c).). When the court issued its order, Singh had been detained for approximately two years and five months. A detention of that length is not authorized by statute. *See Tijani*, 430 F.3d at 1242. Accordingly, the court granted his petition.

      Singh is now in the removal period and is being held pursuant to section 1231. On October 8, 2008, the Ninth Circuit issued its mandate affirming his removal order. At that time, the removal period began, and the statutory justification for Singh's detention shifted from section 1226 to section 1231. 8 U.S.C. § 1231(a)(1)(B)(ii); *See Pathak v. Chertoff*, 2008 WL 1766750 (N.D. Cal.).

      Singh has a petition for review pending before the Ninth Circuit, but this petition does not directly challenge his underlying order of removal. CA 09-70222, [doc. # 1]. Instead, it

challenges the BIA's decision denying his motion to reopen. *Id.* Accordingly, this petition does not delay the start of the removal period pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii). *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008).

Singh is no longer being held illegally pursuant to section 1226. He is in the removal period and is being held pursuant to section 1231. The court's prior order granting habeas relief no longer applies to Singh's detention. His motion for Injunctive and Declaratory Relief should be denied.

If Singh believes his current detention pursuant to section 1231 is contrary to law, he may challenge his detention by filing another habeas petition.

Recommendation

The Magistrate Judge recommends that the District Court, after its independent review of the record, deny the Motion for Injunctive and Declaratory Relief filed on April 1, 2009. [doc. # 32]

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 3rd day of August, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge