**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Narinder Singh, | ) | No. CV-06-2194-PHX-MHM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Phillip Crawford, ICE Field Office Director, et al., | ) | |
| Respondents. | ) | |

Petitioner *pro se*, Narinder Singh ("Petitioner"), filed a Motion for Injunctive and Declaratory Relief on April 1, 2009. (Dkt. #32). Phillip Crawford ("Respondent") filed a Response on June 25, 2009 (Dkt. #35) and Petitioner filed a Reply on July 22, 2009 (Dkt. #39). Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation on August 3, 2009 (Dkt. #40), which recommended that the Court deny the Motion for Injunctive and Declaratory Relief. Petitioner filed a written objection to the Report and Recommendation on September 2, 2009. (Dkt. #41).

**BACKGROUND**

The relevant facts, as stated in Magistrate Judge Edmonds' Report and Recommendation, are as follows.

Petitioner is a native and citizen of India who entered the United States using a false passport on an unknown date. (Dkt. #35, p. 2). On August 7, 2003, he was convicted of

spousal battery in violation of California Penal Code Section 242/243(e). Id. On November 10, 2004, the Department of Homeland Security issued Petitioner a Notice to Appear, charging him with removability because he (1) was convicted of a crime of moral turpitude and (2) was an alien present without inspection. Id. at pp. 2-3. At a hearing before an Immigration Judge, petitioner admitted to entering the country using a false Swedish passport and to convictions for petty theft in 1992 and theft of personal property in 1990. Id. at p. 3. The Immigration Judge ordered petitioner removed to India. Id.

Petitioner appealed to the Board of Immigration Appeals and the Board dismissed the appeal on June 30, 2005. (Dkt. #35, p. 3). Petitioner then filed a petition for review with the Ninth Circuit Court of Appeals, which ordered a stay of removal. Id. The government conducted custody reviews in September 2005 and October 2006. Each time, the government decided to continue Petitioner's detention. Id. at pp. 3-4.

Petitioner filed a Petition for Writ of Habeas Corpus on September 14, 2006. (Dkt. #1). This Court denied the Petition with leave to amend. (Dkt. #8). Petitioner then filed an Amended Petition for Writ of Habeas Corpus on December 19, 2006, arguing that he was being denied meaningful custody review and that his detention under 8 U.S.C. § 1226(c) was unlawful. (Dkt. #10). On August 7, 2007, this Court granted Petitioner's Habeas Petition and ordered Respondent to

> release Petitioner from custody under an order of supervision, or in the alternative, that the government, within 60 days of the date this order is filed, provide a hearing to Petitioner before an immigration judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

(Dkt. # 24).

On August 13, 2007, an Immigration Judge granted Petitioner bond in the amount of $10,000. (Dkt. #35, p. 5). Petitioner posted bond and was released on August 15, 2007. Id. The Board of Immigration Appeals dismissed Petitioner's appeal for a second time on December 21, 2007. Id. Petitioner filed his second petition for review with the Ninth Circuit Court of Appeals on January 7, 2008. Id. The Court of Appeals once again ordered a stay of removal. Id. On August 13, 2008, the Ninth Circuit Court of Appeals denied the petition

| | |
|---|---|
| 1 | and remanded the case to the Board of Immigration Appeals. Id. The Court of Appeals |
| 2 | issued its mandate on October 8, 2008. (Dkt. #35, p. 6). |

The government took Petitioner into custody on December 11, 2008. (Dkt. #35, p. 6). A Motion to Reopen and Reconsider was filed by Petitioner, but it was denied by the Board of Immigration Appeals. Id. On January 21, 2009, Petitioner filed a third petition for review with the Ninth Circuit Court of Appeals. Id. Once again, the Court of Appeals ordered a stay of removal. Id. The stay of removal was ordered in place until the Mandate issued.

The government issued a letter on March 17, 2009, notifying Petitioner of its decision to continue detention pending removal. (Dkt. #35, p. 6). On April 9, 2009, an Immigration Judge held a custody redetermination hearing and found that the Immigration Court lacked jurisdiction to set a bond. (Dkt. #35, p. 6). The Ninth Circuit issued its Mandate on January 14, 2010, denying the petition for review which challenged the Board of Immigration Appeal's decision to deny Petitioner's Motion to Reopen.

Petitioner's instant Motion for Injunctive and Declaratory Relief was filed on April 1, 2009. (Dkt. #32).

**STANDARD OF REVIEW**

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

/ / /

**DISCUSSION**

Petitioner contends that this Court's prior judgment is enforceable against the government for his current detention and moves that this Court issue an order instructing Respondent to release Petitioner from custody while his current appeal is pending before the Ninth Circuit. The Court construes Petitioner's Motion for Injunctive and Declaratory Relief as though it were a motion to enforce judgment. See, e.g., Gilbert v. Johnson, 490 F.2d 827, 829 (5th Cir. 1974); Zuniga v. Wrigley, 2007 WL 3340841, *1 (E.D. Cal. 2007).

First, the Court notes that Petitioner's appeal is no longer pending because the Ninth Circuit issued its mandate on January 14, 2010. Accordingly, Petitioner's request is moot. Nonetheless, the Court will address the Magistrate Judge's Report and Recommendation, as well as Petitioner's objections.

**A.     Report and Recommendation**

When this Court granted Petitioner's habeas petition in 2007, he was being held pursuant to 8 U.S.C. § 1226. Section 1226 governs the initial apprehension and detention of aliens to determine whether they should be removed from the United States. Once an alien has been ordered removed, he is detained under 8 U.S.C. § 1231. Section 1231 governs the detention of aliens who have been ordered removed. The removal period begins on either "[t]he date the order of removal becomes final" or "[i]f the removal order is judicially reviewed and if the court orders a stay of removal of the alien, the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(i)&(ii).

Singh is now in the removal period and being held pursuant to section 1231 because his order of removal became administratively final on October 8, 2008, when the Ninth Circuit issued its mandate. Singh is no longer being held unlawfully pursuant to section 1226. He is in the removal period and is being detained pursuant to section 1231. This Court's previous order granting habeas relief to Petitioner no longer applies. Accordingly, this court must deny and dismiss Petitioner's Motion for Injunctive and Declaratory Relief.

/ / /

### B. Petitioner's Objections

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner requests that this Court order the government to return Petitioner's $10,000 surety bond. This issue was not raised in Petitioner's Motion for Injunctive Relief. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 279 F.3d 615, 621 (9th Cir. 2000). However, "the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." Id. at 622.

Petitioner argues that because he posted a $10,000 bond and complied with all of the terms and conditions of release, his bond should not have been revoked and he should not have been taken into custody. Although this Court will not address Petitioner's bond revocation claim, it will address whether he properly was taken into custody. Petitioner concedes that the statutory authority for his detainment shifted from section 1226 to section 1231, but he asserts that "the status quo should remain." Petitioner is mistaken. Unlike section 1226, which states that "an alien *may* be arrested and detained pending a decision on whether the alien is to be removed," section 1231 states that "[d]uring the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1226(a) (emphasis added); 8 U.S.C. §1231(a)(2) (emphasis added). Accordingly, per the statute, the status quo must change.

However, in regards to Petitioner's $10,000 surety bond revocation, it would be inappropriate for the Court to address his claim. First, as stated in Howell, "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." 279 F.3d at 622. Additionally, "[i]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and--having received an unfavorable recommendation--shift gears before the district judge." Id. (quoting Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988)). There is no evidence to suggest that Petitioner was unable to assert this claim in his original Motion for

Declaratory and Injunctive Relief. Finally, and perhaps most importantly in the present case, the lack of information and briefing by the parties on this specific topic prevents the Court from addressing the issue. Thus, based on the unique circumstances present in this case, the Court chooses to exercise its discretion in refusing to allow Petitioner to present this claim for the first time in his objections.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge (Dkt. #40).

**IT IS FURTHER ORDERED** that the Motion for Injunctive and Declaratory Relief (Dkt. #32) be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

DATED this 24th day of March, 2010.

Mary H. Murguia
United States District Judge